IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICHARD WILLIAM NEICE                                                                                    PLAINTIFF

v.                                        Civil No. 2:24-CV-02027-PKH-MEF

CITY OF VAN BUREN, ARKANSAS                                                                     DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Richard William Neice, a prisoner, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983, generally alleging violations of his constitutional rights while detained at the Crawford County Justice Center ("CCJC"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to comply with the Court's orders directing him to either submit a complete *in forma pauperis* ("IFP") application or pay the full filing fee (ECF Nos. 3, 5, 8) and the Court's order directing him to submit a second amended complaint (ECF No. 8).

**I.      BACKGROUND**

Plaintiff filed his original complaint on February 23, 2024. (ECF No. 1). Because Plaintiff is a prisoner, his IFP application is governed by 28 U.S.C. § 1915 and his complaint is subject to preservice review pursuant to 28 U.S.C. § 1915A(a).

In this case, Plaintiff's initial IFP application did not meet the requirements of 28 U.S.C. § 1915 because it did not include a certified copy of his prison trust found account statement (or the institutional equivalent). *See* 28 U.S.C. § 1915(a)(2). Thus, on February 23, 2024, the Court ordered that Plaintiff either submit a complete IFP application, including the required form,

1

or pay the full filing fee of $405 by March 15, 2024, failing which this matter would be subject to dismissal for failure to prosecute. (ECF No. 3). After noting potential legal and factual deficiencies with Plaintiff's original complaint, the Court also ordered Plaintiff to submit an amended complaint by that same deadline, again, failing which this matter would be subject to dismissal. *Id.* To assist Plaintiff in complying with the Court's order, the Clerk mailed Plaintiff a copy of this District's 1983 Prisoner Litigation Guide, a blank IFP application, and a blank 1983 complaint form. This Order was not returned as undeliverable.

On February 27, 2024, this Court entered an order specifically highlighting the deficiency with Plaintiff's IFP application and ordered him to either submit a complete IFP application with the required form or pay the full filing fee of $405, by March 19, 2024, failing which this matter would be subject to dismissal. (ECF No. 5). This Order was also not returned as undeliverable.

On March 4, 2024, Plaintiff submitted an amended complaint and IFP application. (ECF Nos. 6, 7). Unfortunately, Plaintiff's IFP application was again deficient because while it contained a certificate of inmate account and assets form, that form was not signed by an authorized prison official as required by 28 U.S.C. § 1915(a)(2). (ECF No. 7). Further, Plaintiff's Amended Complaint alleges that he was denied medical treatment. (ECF No. 6). It also claims that his right to a speedy trial was violated and that he is being subject to false imprisonment. *Id.* But Plaintiff does not specify what medical treatment he required, or who denied it. *Id.* Plaintiff also does not specifically identify any person allegedly responsible for denying his speedy trial right. *Id.* Accordingly, this Court again ordered Plaintiff to file a complete IFP application or pay the full filing fee of $405 by March 22, 2024, failing which this matter would be subject to dismissal for failure to prosecute. (ECF No. 8). That order also identified the deficiencies with

2

Plaintiff's amended complaint and directed him to submit a second amended complaint by that same deadline. *Id.* That Order was not returned as undeliverable.

On March 11, 2024, Plaintiff submitted his third IFP application. (ECF No. 9). Plaintiff's third IFP application, however, fares no better than the first two—it is deficient because it does not include a certificate of inmate account and assets form signed by an authorized prison official as required by law. *Id.* The deadline for submitting a complete IFP application or to pay the initial partial filing fee has now passed. The deadline for submitting a second amended complaint has also now passed. But Plaintiff has not paid the full filing fee or submitted a complete IFP application, nor has he filed a second amended complaint.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule

41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.  ANALYSIS

Here, this Court has ordered Plaintiff no fewer than three times to either pay the full filing fee or submit a complete IFP application to initiate this action. (ECF Nos. 3, 5, 8). Each time, the Court has also explained to Plaintiff that a complete IFP application includes a certificate of inmate account and assets form signed by an authorized prison official. *Id.* Nevertheless, although Plaintiff has submitted two IFP applications in response to the Court's orders, those IFP applications are deficient because neither one includes the signed certificate of inmate accounts and assets form as required by law. (ECF Nos. 7, 9). Further, although this Court ordered Plaintiff to submit a second amended complaint after noting deficiencies with Plaintiff's Amended Complaint, (ECF No. 8), Plaintiff has not done so. The deadline for complying with these Court orders has long passed and Plaintiff has failed to submit a complete IFP application or to pay the full filing fee, and he has failed to submit a second amended complaint. The Court's orders, moreover, have not been returned undeliverable. Plaintiff, therefore, has failed to prosecute this case. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that this matter be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and for failure to prosecute this case.

### IV.  CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Amend Complaint (ECF No. 6) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of April 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE